```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22754-CIV-SEITZ
                              MAGISTRATE JUDGE P. A. WHITE
```

ANTHONY L. MOORE,                           :

       Plaintiff,                           :

v.                                          :           <u>REPORT OF</u>
                                                              <u>MAGISTRATE JUDGE</u>
                                                             :

WALTER MCNEIL, ET AL.,
                                                              :

       Defendants.
_____

## I.  Introduction

The plaintiff Anthony Moore, currently incarcerated at the Colombia Correctional Institution, has filed a <u>pro se</u> civil rights complaint and amended complaint pursuant to 42 U.S.C. §1983 seeking monetary damages relating to the alleged violation of his constitutional rights when he was attacked by another inmate at the Dade Correctional Institution. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 5]. This case is before the Court upon the screening of the amended complaint (DE#13).

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\*  \*  \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>\*  \*  \*

> (B) the action or appeal –
>
> \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn, 758 F.2d at 1419. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429

U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff names as defendants Walter McNeil, Secretary of the Department of Corrections, Warden David Harris, Assistant Warden Churchwell, Captain Jimmy Love, Sgt. Albury, Sgt. Lee, Nurse Chandilier, Nurse Chamberlain, Classification Officer Wright, Sgt. Green, and multiple John and Jane Does.

The plaintiff alleges that there was a problem between himself and inmate Anthony Tedesco during 2002 or 2003 at Gulf Annex, and as a result the plaintiff was transferred to the main unit at Gulf Correctional Institution. He was then transferred to Dade Correctional and on September 23, 2007, the plaintiff was assaulted by a another inmate with a baseball bat. He believes that inmate Tedesco was involved, although he does not state that Tedesco wielded the bat.

### Defendant McNeil, Warden Harris and Defendant Assistant Warden Churchwell

The plaintiff claims that Warden Harris violated his rights by failing to adequately train his officers on the recreational yard. He claims that Assistant Churchwell violated his rights by not having security officials in confinement to adequately respond to his medical needs at the time of the incident. McNeil is named simply as Secretary of the Department of Corrections. The plaintiff has not raised sufficient facts that connect these administrators with any alleged constitutional violations. The plaintiff makes a cursory statement that the Assistant Warden was notified. There is no specific allegation that any of these individuals were directly involved in any constitutional wrongdoing against the plaintiff.

The plaintiff has essentially named these administrators because they have a supervisory role over corrections affairs and employees.

It has long been established, however, that public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. <u>Robertson v. Sichel</u>, 127 U.S. 507 (1888); <u>Byrd v. Clark</u>, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of <u>respondeat superior</u> in a §1983 action. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Supervisory liability requires a causal connection between actions of the supervisory official and an alleged deprivation [for example, a showing of knowledge of a history of abuses and failure to take corrective action]. <u>Byrd v. Clark</u>, <u>supra</u> at 1008.

Because the plaintiff fails to allege any specific factual allegations to suggest a causal connection between these defendants and the deprivations alleged, the complaint against them is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

<u>Classification Officer Wright</u>

<u>Endangerment</u>

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. <u>Smith v. Wade</u>, 461 U.S. 30 (1983); <u>Redman v. County of San Diego</u>, 896 F.2d 362, 364-66 (9 Cir. 1990)

(pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5 Cir. 1983); Jones v. Diamond, 636 F.2d 1364, 1374 (5 Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5 Cir. 1974). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. Wilson, supra, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. Wilson v. Seiter, supra, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976);

5

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. Whitley v. Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11 Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

6

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also LaMarca v. Turner, supra, 995 F.2d at 1536. "Personal participation...is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate. Wilson v. Seiter, and Estelle v. Gamble, supra.

The allegations in the complaint are sufficient to state a claim which is cognizable under §1983 for endangerment, Smith v. Wade, and Zatler v. Wainwright, supra.

The plaintiff specifically alleges that Classification Officer Wright was notified on plaintiff's day of arrival of an inmate being on the compound that he had a problem with, and that she took no steps to protect him.

### Defendant Captain Jimmy Love

The plaintiff alleges that Love did not have adequate staff on the recreational yard to protect him. He further alleges that he prevented the plaintiff from access to medical personnel to evaluate the need for treatment after his injury. The plaintiff has stated a claim against this defendant.

7

### Defendants Head Nurse Chanhdilier and Nurse Chamberlain

The plaintiff alleges that the bat used to attack him was unauthorized to be on the recreational grounds, and that both nurses, in collusion with the deputies, attempted to cover up the incident. They refused to fully examine his injuries saying, that he did not have serious medical injuries. The plaintiff has stated a claim against these defendants.

### Sgt Albury, Sgt. Lee and Sgt. Green

The plaintiff alleges these deputies were involved in the cover up of the incident and escorted him to medical in a violent manner, instead of calling medical to the scene. These actions neither state a claim of endangerment, nor denial of medical care as the officers apparently took him immediately following the incident to see medical personnel. The plaintiff has failed to state a claim against these defendants.

### Delay and Denial of Medical Care

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both

8

an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not

a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1.   Serious Medical Need

The plaintiff has sufficiently alleged that he had serious medical needs. The plaintiff does not state specifically what injuries he suffered, but states that he was beaten with a baseball bat.

2.   Deliberate Indifference

The plaintiff's allegations, while very minimal, are sufficient to indicate that he was refused medical treatment by the nurses. The plaintiff will need to demonstrate the extent of his injuries at a later date. It is therefore recommended that the claims against these two defendants proceed beyond this initial screening as they are sufficient to withstand the §1915 screening and Rule 12(b)(6) hurdles.

### John and Jane Does

The plaintiff states that the John and Jane Doe Officers assigned to the recreational yard on September 23, 2007, violated his rights by not being in the area. This is too vague and conclusory and fails to state a claim. These defendants should be dismissed.

### III. Conclusion

It is therefore recommended that:

1. The claims against Walter McNeil, Warden Harris and Assistant Warden Churchwell be dismissed.

2. The claim of endangerment against Defendant Wright proceed.

3. The case remain pending against Nurse Chandilier, Nurse Chamberlain and Jimmy Love for denial of medical treatment.

4. The claims against Officers Green and Albury be dismissed.

5. The claims against Jane Does and John Does be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated at Miami, Florida, this 7th day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Anthony Moore, <u>Pro Se</u>
      No.898246
      Columbia CI
      Address of Record