UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22754-CIV-SEITZ/WHITE

ANTHONY L. MOORE,

    Plaintiff,

v.

WALTER A. McNEIL, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING IN PART MAGISTRATE REPORT

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-21]. In the Report, Magistrate Judge White recommends that Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, proceed as to certain claims against Defendants Wright, Chandilier, Chamberlain, and Love and that the claims against Defendants McNeil, Harris, Churchwell, Green, Albury, Jane Does and John Does be dismissed. Plaintiff has filed Objections to the recommendations that Defendants Harris, Churchwell, Albury, Green, Jane Does and John Does be dismissed. Because Plaintiff has failed to state claims against Defendants Harris, Churchwell, Jane Does and John Does, the Magistrate Judge's Report is affirmed and adopted in part.[1] However, Plaintiff has also stated claims against

---

[1] After the Magistrate Judge issued his Report, Plaintiff's Motion to Amend Complaint [DE-13] was granted. The amendment makes, for the first time, claims against Sgt. Lee, who was not named as a Defendant in either the complaint or in the caption of the Motion to Amend. The Court has reviewed the allegations against Sgt. Lee, which seem to make claims of deliberate indifference to medical needs and a claim of lying. However, neither of these claims allege facts sufficient to proceed against Lee. The deliberate indifference to medical needs claim fails because Plaintiff alleges that after collapsing in front of Sgt. Lee, he was taken to medical personnel. The lying claim fails because it does not rise to the level of a constitutional violation. Thus, any claim against Sgt. Lee is dismissed.

Defendants Albury and Green and therefore the claims against them shall proceed.

Plaintiff's claims arise from an incident that occurred on September 23, 2007. Prior to that date there was a problem between Plaintiff and another inmate at Gulf Annex. As a result of the problem, Plaintiff was transferred to the main unit at Gulf Correctional Institution. On September 23, 2007, Plaintiff was assaulted from behind by another inmate with a baseball bat and knocked to the concrete floor face first. Plaintiff alleges that the assault lasted for fifteen to twenty minutes. After the assault, Plaintiff was led, in handcuffs, by Defendant Albury to see medical personnel. Thereafter, on September 24 and 25, 2007, Plaintiff sought medical attention. However, Plaintiff's requests were ignored until he was finally seen again by medical personnel and was transported to the hospital for treatment.

*Defendants Harris and Churchwell*

The Report recommends dismissing the claims against Defendants Harris and Churchwell because Plaintiff makes no factual allegations that connect these two administrators to any constitutional wrongdoing against Plaintiff. An action against public officials in supervisory positions will prevail only if there is a causal link established between an official policy or custom and a plaintiff's injury. *Byrd v. Clark*, 783 F.2d 1002, 1008 (11th Cir. 1986) (citing *Monell v. Dep't of Social Srvs.*, 436 U.S. 658 (1978)). In his objections, Plaintiff fails to point to any official policy or custom that led to Plaintiff's injury. Consequently, Plaintiff's objections are overruled and the claims against Defendants Harris and Churchwell are dismissed.

*Defendants Albury and Green*

The Magistrate Judge recommends dismissing the claims against these two officers for failure to state a claim for endangerment or denial of medical care because Plaintiff's complaint alleges that

these two Defendants immediately took Plaintiff to see medical personnel. Plaintiff objects to the dismissal of Defendant Albury because he used excessive force in handcuffing Plaintiff before taking Plaintiff to see medical personnel and because he was a supervisor who failed to have the yard properly staffed on the day Plaintiff was attacked in the yard. As set out above, in order to hold Defendant Albury liable as a supervisor, Plaintiff must allege an official policy or custom and a causal link between the policy or custom and Plaintiff's injury. Plaintiff has not alleged either. Thus, Plaintiff's claim against Defendant Albury based on staffing the yard is dismissed. In order to allege a claim for excessive force, a plaintiff must allege more than a *"de minimus* use[] of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). In his complaint and his objections, Plaintiff alleges that he could hardly stand after the attack and Defendant Albury handcuffed him and violently pulled him to medical, which inflicted additional pain on Plaintiff. While it is a close call, at this stage of the litigation and because *pro se* litigants pleadings are held to a less stringent standard, these allegations are sufficient for Plaintiff's excessive force claim to proceed.

Plaintiff also objects to the dismissal of Defendant Green. In his objection, Plaintiff states that, on September 24 and 25, he notified Defendant Green that he needed to see medical personnel. Further, Plaintiff's "Amended Complaint" [DE-13] states that Defendant Green refused to call medical personnel on several occasions which demonstrated deliberate indifference. In order to plead deliberate indifference to a serious medical need, a plaintiff must allege: (1) an objectively serious medical need and (2) that the prison official acted with deliberate indifference to that need. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). It is clear that Plaintiff, who ultimately

3

ended up in the hospital for several days, has satisfied the first element – a serious medical need. To satisfy the second element of deliberate indifference a plaintiff must show three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* Because the Court must hold Plaintiff's pleadings to "a less stringent standard that formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted), the Court finds that he has alleged enough facts for this claim to proceed. Plaintiff was severely beaten, he was seen by medical personnel, after his release from medical he continued to request additional medical care from Defendant Green, and Defendant Green ignored Plaintiff's repeated requests for medical care. Thus, the claim for deliberate indifference to a serious medical need may proceed against Defendant Green.

*Defendants Jane Does and John Does*

The Report recommends that Plaintiff's claims against Defendants Jane Does and John Does be dismissed because the allegations against them are too vague and conclusory to state a claim. In his objections, Plaintiff has not offered any additional allegations to sustain a claim against these unknown officers. Consequently, this objection is overruled and the claims against the Doe Defendants are dismissed.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the objections, and the record, it is hereby

ORDERED that the above-mentioned Report of Magistrate Judge [DE-21] is AFFIRMED and ADOPTED in part:

(1) The Claims against Walter McNeil, Warden Harris and Assistant Warden Churchwell are DISMISSED.

4

(2) The claims against Jane Does, John Does, and Sgt. Lee are DISMISSED.

(3) The claim against Defendant Albury for excessive force shall proceed.

(4) The claim against Defendant Green for deliberate indifference to a serious medical need shall proceed.

(5) The claim of endangerment against Defendant Wright shall proceed.

(6) The case remains pending against Nurse Chandilier, Nurse Chamberlain, and Jimmy Love for denial of medical treatment.

DONE and ORDERED in Miami, Florida, this 28th day of January, 2011.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All counsel of record/*Pro se party*