UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22754-CIV-SEITZ
MAGISTRATE JUDGE P. A. WHITE

ANTHONY L. MOORE,            :

    Petitioner,             :

v.                           :     REPORT ON MOTION FOR
                                     TEMPORARY RESTRAINING ORDER
WARDEN HARRIS, et al.,       :
                                          (DE#129)
    Respondents.            :
_____

    This is a <u>pro se</u> civil rights complaint filed pursuant to 42 U.S.C. Section 1983.

    This Cause is before the Court upon the petitioner's motion for temporary restraining order. (DE# 129).

    The issuance of a temporary restraining order is an extraordinary remedy. <u>See</u> <u>California v. American Stores Company, et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dept. of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

    <u>Analysis</u>

In this case the plaintiff is seeking a temporary restraining order against officials at Union Correctional Institution, where he is currently confined. Union Correctional is located outside the Southern District of Florida, in Union County, in the Middle District, and the Court therefore lacks jurisdiction to grant relief.

The appropriate venue provision in this case is 28 U.S.C. §1391(b). <u>Clark v. Harp</u>, 737 F.Supp. 676 (D. D.C. 1990); <u>Harley v. Oliver</u>, 400 F.Supp. 105 (W.D. Ark. 1975). That section provides in relevant part that a case not based on diversity of citizenship should be brought in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated.

The plaintiff must therefore file his pleading in the appropriate venue, in this case the Middle District of Florida.

It is therefore recommended that this motion for temporary restraining order be dismissed without prejudice. (DE#129).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 30th day of June, 2011.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

```
cc:   Anthony Moore, Pro Se
      Union Correctional Institution
      Raiford, FL
      Address of Record

      Attorney of record
```