UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22754-CIV-SEITZ
MAGISTRATE JUDGE P. A. WHITE

ANTHONY L. MOORE,                    :

      Plaintiff,               :

v.                                   :         REPORT OF
                                               MAGISTRATE JUDGE
                                     :            (DE#117)

WALTER MCNEIL, ET AL.,               :

      Defendants.              :
_____

    The plaintiff Anthony Moore, currently incarcerated at the Union Correctional Institution, has filed a pro se civil rights complaint and amended complaint pursuant to 42 U.S.C. §1983 seeking monetary damages relating to the alleged violation of his constitutional rights when he was attacked by another inmate at the Dade Correctional Institution. The plaintiff is proceeding in forma pauperis. [DE# 5]. This cause is before the Court upon the screening of a "Supplement Proposed Motion to Amend Complaint" (DE#117).

## II.  Analysis

    As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

      Sec. 1915 Proceedings in Forma Pauperis

             *   *   *

      (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

             *   *   *

(B) the action or appeal –

          *   *   *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law.  See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).   The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn, 758 F.2d at 1419.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429

2

U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

<u>Motion to Amend</u> (DE#117).

Review of the motion to amend reveals that it should be denied for multiple reasons.

In the first instance the plaintiff names multiple unidentified defendants, who cannot be served by the Court. Secondly the plaintiff names Officers Nehemiah and Moore claiming negligence on their part in relation to the attack. Negligence is not a constitutional claim. Thirdly, the plaintiff attempts to add Defendant Lee, who has been dismissed by previous Order of United States District Judge Patricia Seitz on January 28, 2011, and may not be named a second time with basically the same assertions as stated previously. (DE#85)

Further, Courts can refuse to allow an amendment to a complaint where there has been undue delay, dilatory motive or repeated failure to cure. <u>Bryant v Dupree</u>, 252 F.3d 1161, 1163 (11 Cir. 2010). This complaint was filed in September of 2009, and the plaintiff should have been aware of these defendants. He provides no explanation of why he is naming them after almost two years of litigation. A motion for summary judgement has been ruled upon and the case is almost ready for trial. The plaintiff has been permitted multiple opportunities to amend and add additional defendants, which has delayed the resolution of this case. To again add additional defendants at this stage who would have to be served, resulting in a new wave of discovery and summary judgement briefing would be a burden to all concerned.

3

It is therefore recommended that this motion to amend (DE#117) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 10th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony Moore, Pro Se
     No.898246
     Union  CI
     Address of Record

     Attorney of record