UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22754-CIV-SEITZ/WHITE

ANTHONY L. MOORE,

    Plaintiff,

v.

WALTER A. McNEIL, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-86]. In the Report, Magistrate Judge White recommends that Defendant Love's Motion to Dismiss for Failure to Exhaust Administrative Remedies and Motion for Summary Judgment [DE-67] should be construed as a motion for summary judgment[1] and that the motion should be granted. Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, alleges two claims against Love: (1) that Love failed to protect Plaintiff from attack and (2) that Love was deliberately indifferent to Plaintiff's serious medical needs. The Magistrate Judge recommends: (1) granting summary judgment on Plaintiff's failure to protect claim because there is no genuine issue of material fact and the record evidence does not support Plaintiff's claim and (2) granting summary judgment on Plaintiff's deliberate indifference to medical needs claim because Plaintiff failed to exhaust his administrative remedies.

---

[1] On November 22, 2010, the Magistrate Judge issued an Order notifying Plaintiff that the motion would be treated as one for summary judgment.

Plaintiff has filed Objections[2] to the Magistrate Judge's Report. Because Plaintiff has failed to raise any valid objections, Love's Motion is granted.

*Failure to Protect*

The Report recommends granting summary judgment on Plaintiff's failure to protect claim because the undisputed facts show that Love, the unit supervisor, did not know of any excessive risk to Plaintiff's safety and that the yard where Plaintiff was allegedly attacked was adequately staffed at the time of Plaintiff's attack. Thus, the Report concludes that Love cannot be liable under § 1983 because he did not know of and disregard an excessive risk to Plaintiff's health or safety. *See Brown v Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (holding that mere negligence will not justify liability under § 1983 and that § 1983 liability will only arise where prison officials have been deliberately indifferent to a known danger).

While Plaintiff's Objections generally state that there is a genuine issue of material fact, Plaintiff has failed to point to any record evidence that would indicate that there is an actual issue as to a specific fact. Plaintiff has not pointed to any evidence that would indicate that Love was aware of any excessive risk to Plaintiff's safety. Thus, if Love did not know of any risk, he could not have been deliberately indifferent to it. Further, Plaintiff has not shown that, even if Love knew of the risk, Love's actions were deliberately indifferent to the risk. Love has established that the yard where Plaintiff was attacked was adequately staffed at the time of the attack. Plaintiff has not shown otherwise. Consequently, Love's motion for summary judgment is granted as to Plaintiff's failure to protect claim.

---

[2]Many of Plaintiff's Objections are simply verbatim restatements of the arguments Plaintiff raised in his Declaration in Opposition to Motion for Summary Judgment [DE-79].

*Deliberate Indifference to Plaintiff's Serious Medical Needs*

The Report recommends dismissing Plaintiff's claim of deliberate indifference to serious medical needs because Plaintiff failed to exhaust his administrative remedies prior to filing this suit. After review of the record, including the grievances filed by Plaintiff, the Magistrate Judge found that in his administrative grievances Plaintiff failed to raise a claim of deliberate indifference by Love, despite the fact that Plaintiff had all of the relevant information available to him at the time he filed his grievances. In his Objections, Plaintiff argues that if a grievance has been investigated then a plaintiff has exhausted his remedies. However, Plaintiff misses the point. The Magistrate Judge did not find that Plaintiff's grievances had not been investigated; he found that none of the grievances raised the issue of Love's deliberate indifference to Plaintiff's medical needs. Thus, even if all of Plaintiff's grievances were investigated, Plaintiff did not exhaust his administrative remedies as to his claim of deliberate indifference by Love because he never raised such a claim in his grievances.[3] Plaintiff also argues that his grievances do not have to satisfy a demanding pleading standard. Regardless of the pleading standard, Plaintiff's grievances never once raised the issue, directly or indirectly, that Love was deliberately indifferent to Plaintiff's serious medical needs. Thus, Plaintiff has failed to exhaust his administrative remedies as to this claim and Love's motion for summary judgment is granted.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the objections, and the record, it is hereby

---

[3] A review of the grievances, submitted as Exhibit G to Defendant Love's Motion [DE-67-8], indicates that Plaintiff's grievances complain of indifference to his medical needs by the medical staff, not by Love. While other officers are mentioned in relation to Plaintiff's medical needs, Love is not.

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-86] is AFFIRMED and ADOPTED.

(1) Defendant Love's Motion to Dismiss for Failure to Exhaust Administrative Remedies and Motion for Summary Judgment [DE-67] is GRANTED. All claims against Defendant Love are DISMISSED.

DONE and ORDERED in Miami, Florida, this _31st_ day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All counsel of record/*Pro se party*