FILED by _____ D.C.
ELECTRONIC
MAR 6, 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 06, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  13-10346-DD
Case Style: Anthony Moore v. Sgt. Albury, et al
District Court Docket No: 1:09-cv-22754-PAS

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to:  Tonya L. Richardson
Phone #:  (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 13-10346

_____

District Court Docket No.
1:09-cv-22754-PAS

ANTHONY L. MOORE,

Plaintiff - Appellant,

versus

WARDEN DAVID HARRIS, et al.,

Defendants,

SGT. ALBURY,
NURSE CHANDILIER,
NURSE CHAMBERLAIN,
OFFICER WRIGHT,
SGT. GREEN,
Confinement Supervisor,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: January 10, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
March 6, 2014

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 13-10346
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-22754-PAS

ANTHONY L. MOORE,

Plaintiff-Appellant,

versus

WARDEN DAVID HARRIS, et al.,                    Defendants,

SGT. ALBURY,
NURSE CHANDILIER,
NURSE CHAMBERLAIN,
OFFICER WRIGHT,
SGT. GREEN,
Confinement Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(January 10, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony L. Moore, a Florida prisoner, appeals <u>pro se</u> the partial dismissal and partial summary judgment against his amended complaint about an assault and the violation of his constitutional rights by employees of the Dade Correctional Institution.  <u>See</u> 42 U.S.C. § 1983.  Moore complained about misconduct by Sergeant Albury and Sergeant Green, security guards at Dade; Officer Wright, a former classification officer at Dade; and Nurses Chandilier and Chamberlain, former contract employees of Dade.  The district court entered summary judgment in favor of Albury and Green on the ground that Moore failed to exhaust his administrative remedies, and the district court dismissed Moore's complaint against Wright, Chandilier, and Chamberlain for failure to effect service of process.  We conclude that, although Moore failed to exhaust his administrative remedies against Albury and Green, the district court abused its discretion when it dismissed Moore's complaint against Wright, Chandilier, and Chamberlain without aiding Moore, who is proceeding in forma pauperis, in his efforts to effect service of process.  We affirm the summary judgment in favor of Albury and Green, but we vacate the dismissal of Moore's complaint against Wright, Chandilier, and Chamberlain and remand for the district court to determine whether the U.S. Marshal can effect service of process on these defendants.

# I. BACKGROUND

We divide the background of this appeal into two parts.  First, we discuss the facts relevant to whether Moore exhausted his administrative remedies against Albury and Green.  Second, we discuss the facts pertaining to Moore's requests for assistance in effecting service of process on Wright, Chandilier, and Chamberlain.

## A. *Moore's Allegations Against Albury and Green*

On October 17, 2007, Moore filed a "formal grievance" against "Dade C.I. Security and the Medical Staff about the incident on September 23, 2007," during which Moore was allegedly "assaulted with a baseball bat by [his] roommate[], . . . Jermain Preston."  Moore described the assault, but he did not mention any misconduct by prison personnel.  The Warden denied Moore's grievance.

Moore argued, for the first time on appeal, that he had been mistreated by Albury.  Moore alleged that, after he was assaulted, "S[ergeant] Albury . . . came and handcuffed [Moore] in a brutal manner and escorted [him] to Medical."  Moore also alleged that Sergeant Albury "handled [Moore] with reckless disregard" despite his "expla[nation] that [he] was in pain . . . ."  The Secretary of the Florida Department of Corrections denied Moore's appeal.

In the meantime, Moore filed a second grievance and alleged that he "had to ask for Medical Emergency just to be seen and treated."  The Warden returned the grievance as noncompliant with the grievance procedure.  On November 28, 2007,

3

Moore filed an amendment to his second grievance that alleged Green "handcuffed [him] in a brutal manner" and "handled [him] with reckless disregard" for his pain, but the Assistant Warden returned Moore's amendment.

Moore filed a complaint that alleged Albury used excessive force against him and that Green acted with deliberate indifference by delaying his medical care. Moore alleged that Albury "refus[ed] to call medical to the scene"; "threaten[ed] to do bodily harm to" Moore while he was lying on the ground; "violently placed [Moore] in handcuffs and brutally pulled [him] all the way to medical"; and "told [medical staff] that there was nothing wrong with [Moore]." Moore also alleged that Green "refused to call Medical on several occasions while [Moore] laid in the cell room in severe pain and [with] serious injuries."

Albury and Green moved for summary judgment. Albury argued that Moore failed to mention in his administrative grievances or appeals that he had been threatened, denied medical staff at the scene, drug to the medical unit, or had his medical examination influenced by Albury. Albury and Green also argued that they had not violated Moore's constitutional rights by handcuffing him or ignoring him when he declared a medical emergency because he had received medical attention and he had not been harmed when being handcuffed or by having his treatment delayed.

4

The district court adopted the recommendation of a magistrate judge and entered summary judgment in favor of Albury and Green.  The district court ruled that Moore "failed to timely exhaust his administrative remedies because he did not raise any of his claims against Defendants Albury and Green in the October 17, 2007 grievance" and failed to explain why he could not comply with the grievance procedures.  Alternatively, the district court ruled that Moore failed to establish "that the manner in which Albury handcuffed him amounted to the infliction of unnecessary and wanton pain" and that Moore failed to submit any "evidence that any delay in his treatment had any detrimental effect on his health."

### B. Moore's Requests for Service of Process on Wright, Chandilier, and Chamberlain

After Moore obtained permission to proceed in forma pauperis, he began seeking assistance in locating Chandilier and Chamberlain.  Moore moved for an order directing the defendants to produce "copies of document's with the full names of Nurse Chandiler and Nurse Chamberlain and the private company name in which these two were employed," but the magistrate judge denied Moore's motion because he had not complied with an earlier order to amend his complaint.

Based on the information in Moore's amended complaint, the magistrate judge ordered the United States Marshal to serve process on "Ms. Wright, Classification Officer," "Nurse Chandilier," and "Nurse Chamberlain" at the "Dade Correctional Center, 19000 S.W. 377 Street, Florida City, Florida, 33034."

5

The Marshal was unable to execute service on Wright because there was "no first name provided" and "personnel employees at DCI stated there [was] no Ms. Wright at the . . . Florida City location."  The Marshal twice attempted service of process at Dade on Chandilier and Chamberlain, but the Marshal returned the summonses unexecuted because the nurses did "not work for [the] Department of Corrections" and "medical administration at DCI . . . stated they could not release information . . . on past employees."

The magistrate judge twice extended the deadline for Moore to obtain addresses.  After the U.S. Marshal returned the summonses unexecuted, the magistrate judge ordered Moore to "supply . . . a current address for defendants Chandilier and Chamberlain on or before 2/28/10, or risk dismissal."  Later, the magistrate judge extended the deadline to file addresses for the two nurses and Wright "to on or before March 19, 2010."  In the meantime, the U.S. Marshal executed service of process on Jimmy Love, an officer at Dade, who was represented by the Office of the Attorney General for the State of Florida.

Moore sought assistance from the magistrate judge.  Moore moved the magistrate judge to extend the time for discovery and to issue an "order compelling the Department of Corrections to furnish to [the] Court[] Clerk and Marshals the last known addresses" for Wright, Chandilier, and Chamberlain and, in the alternative, requested the "appoint[ment of] counsel for the sole purpose of

6

completing service of process."  The magistrate judge extended the deadline for

discovery to April 2, 2010, and denied Moore's request for appointed counsel.  The

magistrate judge did not address Moore's request for assistance in obtaining

addresses.  Later, Moore moved the magistrate judge to direct the clerk to issue

subpoenas to the custodian of records at Dade to produce a full name and address

for Wright, and the last known addresses for Chandilier and Chamberlain.  In his

motions, Moore alleged that he had "exercised due diligence" to obtain the

information through "institutional channels."  The magistrate judge denied

Moore's motions and directed him to "arrange for subpoenas with the Clerk of

Court."  Later, the magistrate judge extended the time for discovery until October

14, 2010.

On August 26, 2010, Moore requested that the defendants produce "the

name of the company that employed the nurse's that [were] on duty" and "the[]

full names" of the nurses and Wright.  Moore moved to compel a response, but the

magistrate judge denied Moore's motion on the ground that his request for

discovery was untimely.  Nevertheless, the magistrate judge granted Moore

another extension of time to obtain addresses.

Moore also sought assistance from Albury and Green, who were represented

by the Attorney General of Florida.  Moore requested that the defendants "submit[]

directly" to the magistrate judge "for use by the Marshal's Office" the "current

addresses" for Wright, Chandilier, and Chamberlain.  Although Moore's certificate of service reflected that he provided a copy of his motion to prison officials to serve the Attorney General, the magistrate judge denied Moore's request and a related motion to compel on the ground that he had to "send discovery requests directly to the defendants."  Moore again moved to compel discovery and requested that the "Defendants contact [the] private contractor [who had employed Nurses Chandilier and Chamberlain] and obtain [their] full names and addresses . . . to forward under seal to the Clerk of Court for serving processing."  The Attorney General responded that Moore had failed to comply with a local rule that required him to "confer with counsel for the opposing party . . . to resolve the issues" in his motion, see S. D. Fla. Rule 7.1, and that the addresses were unavailable.  The Attorney General stated that, "[w]ith regard to . . . Wright, the addresses of Department employees are confidential and are not released until the person is served or until counsel has been authorized to represent the party," and, "[a]s to Nurse Chamberlain and Nurse Chandilier," they were "contract employees" whose "contact information [was] maintained [solely] by the contractor."  The magistrate judge denied Moore's motion to compel and instructed Moore to "continue to attempt to discover the defendants addresses."

Moore learned from the Florida Department of Corrections that it had contracted with MHM Services, Inc. for nursing services, and Moore moved the

8

magistrate judge to order the U.S. Marshal to serve "nurse Chandilier" and "nurse B.E. Chamberlain" at "MHM Services Inc, 1593 Spring Hill Road, Suite 610, Vienna, Virginia, 22182."  Moore "request[ed] that the order include all available information in regards to . . . [the] nurse[s] . . . to be provided directly to [the] U.S. Marshal for reasons of confidential issues."  Moore alleged that MHM "[had] all current information of [the] nurse[s] . . . such as full names and addresses that should be provided to U.S. Marshal for service processing."  The magistrate judge refused to "order a private company located in Virginia to provide confidential information as to its clients" and advised Moore that he would have "to obtain this information."

Moore sought assistance from the clerk, but received no response.  Moore requested that the clerk "forward [a] copy of [the] summons and complaint to the U.S. Marshals or the Company of MHM Services Inc. in Vienna, Virginia, 22812 so services can be obtained," and Moore requested that the clerk respond to his letter.  Moore also filed with the clerk a notice requesting "information of [the] full name and last known address or current new job employment and address for Defendants Female nurse B.E. Chamberlain and Male nurse Chandilier."  The docket sheet does not reflect that the Clerk responded to Moore's filings.

Moore filed a motion to amend his complaint to which he attached a summons and waiver of service of summons for Wright, but Albury and Green

9

moved to deny Moore's motion.  Albury and Green argued that Moore was "trying to obtain service on Wright, yet . . . [had] not provided an address or full name of the Defendant" and that "[m]ailing service forms to the Office of the General Counsel . . . is not proper service."

Undaunted, Moore mailed copies of the summons and complaint to Chandilier and Chamberlain at "MHM Service, Inc., 1593 Spring Hill Road, Suite 610, Vienna, Virginia, 22182," and Moore filed copies of the documents in the district court.  Moore moved for a default judgment against the two nurses, but the Clerk denied the motion because "service [had] not [been] completed."

The magistrate judge recommended that the district court dismiss Moore's complaint against Wright, Chandilier, and Chamberlain for lack of service of process.  Moore objected and argued that his efforts to serve process on Wright, Chandilier, and Chamberlain had been stymied unfairly.  The district court overruled Moore's objections and dismissed his complaint against Wright, Chandilier, and Chamberlain for failure to effect service of process.

## II. STANDARDS OF REVIEW

We review de novo a summary judgment based on the failure to exhaust administrative remedies, Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), and we review related "findings of fact for clear error," Bryant v. Rich, 530 F.3d 1368, 1377 (11th Cir. 2008).  "The sua sponte dismissal of a complaint for

10

failure to serve under Rule 4(m) [of the Rules of Civil Procedure] is reviewed for an abuse of discretion." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010).  An abuse of discretion occurs when the district court makes a clear error of judgment or applies a wrong legal standard.  <u>Rance v. Rocksolid Granit USA, Inc.</u>, 583 F.3d 1284, 1286 (11th Cir. 2009).

### III. DISCUSSION

Moore challenges the dismissal of his complaint on two grounds.  First, Moore argues that he exhausted his administrative remedies against Albury and Green.  Second, Moore argues that he should not be punished by having his complaint against Wright, Chandilier, and Chamberlain dismissed because the officers of the district court "failed to perform required duties" to assist him in effecting service of process.  We address each of Moore's arguments in turn.

*A. Moore Failed to Exhaust His Administrative Remedies With Regard to His Claims Against Albury and Green.*

Under the Prisoner Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  To satisfy this exhaustion requirement, an inmate in a Florida prison must file an informal grievance, followed by a formal grievance, and if he still is dissatisfied with the response from the facility, he may appeal to the Secretary of the Florida

11

Department of Corrections.  Fla. Admin. Code §§ 33-103.005–103.007.  The inmate may "address only one issue or complaint" in his grievance, id. § 33-103.006(f), and must "accurately state[]" all facts related to the incident, id. § 33-103.006(e).  If an inmate bypasses the informal grievance process, he must file his formal grievance within 15 days from the incident being grieved, id. § 33-103.011(1)(b)(2), unless he receives an extension of that deadline, id. § 33-103.011(2).

The district court correctly entered summary judgment in favor of Albury and Green based on Moore's failure to exhaust his administrative remedies.  Although Moore's first formal grievance was timely, he complained only about an assault by his roommate.  And Moore waited until his appeal to mention that he had been handcuffed and mishandled by Albury.  See id. § 33-103.006(e); see also Brown v. Sikes, 212 F.3d 1205, 1207 –08 (11th Cir. 2000) ("Section 1997e(a) requires a prisoner to exhaust all 'available' administrative remedies, and implicit in that requirement is an obligation on the prisoner to provide those officials who will pass upon the grievance all the relevant information he has.").  In the meantime, Moore filed a second grievance in which he complained about being mistreated by Green, but Moore's second grievance was untimely.  With respect to Albury and Green, Moore failed to exhaust his administrative remedies.

*B. The District Court Abused Its Discretion When It Dismissed Moore's Complaint Against Wright, Chandilier, and Chamberlain When the Officers of the Court Failed to Perform Their Respective Duties to Moore.*

We undertake a two-part inquiry to determine whether the district court abused its discretion when it dismissed Moore's complaint against Wright, Chandilier, and Chamberlain. We must consider whether good cause existed for the district court to further extend its deadline for service of process. See Richardson, 598 F.3d at 738–39; Rance, 583 F.3d at 1286–87. But, to make that determination, we must also consider whether the magistrate judge, the clerk, the U.S. Marshal, and the district court fulfilled their respective obligations to assist Moore, an indigent prisoner, in executing service of process. See Richardson, 598 F.3d at 738–40; Rance, 583 F.3d at 1286–88; Fowler v. Jones, 899 F.2d 1088, 1094–96 (11th Cir. 1990).

A plaintiff will not necessarily have his complaint dismissed if he fails to effect timely service of process. As a general rule, "[i]f a defendant is not served within 120 days after the complaint is filed, the [district] court . . . must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But a plaintiff may avoid having his complaint dismissed if he "shows good cause for the failure" to execute service of process. Id. "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Rance, 583 F.3d at 1286

13

(quoting <u>Lepone-Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007)).  Even if the plaintiff fails to establish good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." <u>Lepone-Dempsey</u>, 476 F.3d at 1282.  Then, and only then, "may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." <u>Id.</u>

When a prisoner proceeds in forma pauperis, he is entitled to rely on the district court, the Clerk of the Court, and the U.S. Marshal to assist in executing service of process.  An indigent prisoner is entitled to have "the officers of the court . . . issue and serve all process, and perform all duties in such cases."  28 U.S.C. § 1915(d).  And the district court "must so order [that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis."  Fed. R. Civ. P. 4(c)(3).  Section 1915 and Rule 4(c)(3) "stand for the proposition that[,] when a plaintiff is proceeding in forma pauperis[,] the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service . . . once reasonable steps have been taken to identify for the court the defendants named in the complaint." <u>Rance</u>, 583 F.3d at 1286–87 (internal quotation marks omitted).

Good cause exists to excuse noncompliance with the deadline for service of process when an officer of the court fails to accomplish his or her respective duty

14

to an indigent prisoner.  In Fowler, we held that a prisoner had been entitled to a continuance of his trial to complete service of process after he learned that the clerk of the court had disregarded his request to effect service on three defendants named in his complaint.  899 F.2d at 1092.  We held that Fowler reasonably "rel[ied] on the clerk of courts, in conjunction with the U.S. Marshals, to properly effect service on the . . . defendants once he had brought the deficiency to the clerk's attention." Id. at 1095.  "Given the court officers' role in serving in forma pauperis complaints . . ., and [Fowler's] reasonable belief that the defendants had been served," we directed that Fowler had to "be given the opportunity to serve the remaining defendants prior to the district court conducting a new trial."  Id. at 1096.  Based on the same reasoning, in Rance we held that the failure of the U.S. Marshal to execute service of process for an employee on his former employer constituted good cause and entitled the employee to have his complaint reinstated. 583 F.3d at 1288.

    This appeal is similar to the situation in Richardson, where we held that a prisoner established good cause to extend the deadline for service of process because the U.S. Marshal failed to effect service on a prison guard who no longer worked at the prison.  598 F.3d at 739–40.  In Richardson, we found persuasive the decision of the Seventh Circuit in Sellers v. United States, 902 F.2d 598 (7th Cir. 1990), that a federal prisoner proceeding pro se need only furnish the U.S. Marshal

15

with "the information necessary to identify the defendant." <u>Richardson</u>, 598 F.3d at 739 (quoting <u>Sellers</u>, 902 F.2d at 602).  The Seventh Circuit reasoned that the prisoner could not reasonably be expected to provide a current address for a prison guard who had relocated, and it was sensible to place the onus on the Marshal to find the address required to execute service of process.  <u>Sellers</u>, 902 F.2d at 602. We also adopted the reasoning of the Seventh Circuit in <u>Graham v. Satkoski</u>, 51 F.3d 710 (7th Cir. 1995), which vacated the dismissal of a state prisoner's complaint and remanded for the district court to determine whether a state prison guard could "be located with reasonable effort" by the Marshal to effect service of process.  <u>Richardson</u>, 598 F.3d at 739–40 (discussing <u>Graham</u>, 51 F.3d at 713).

Like the prisoners in <u>Fowler</u> and <u>Richardson</u>, Moore has been frustrated in his efforts to effect service of process on Wright, Chandilier, and Chamberlain. The U.S. Marshal attempted service of process on the three defendants and learned that they were no longer employed at Dade Correctional Center.  Moore requested assistance, at every turn, from other defendants, the magistrate judge, and the clerk to obtain addresses for Wright, Chandilier, and Chamberlain.  When Moore asked the Attorney General's Office to submit Wright's address to the magistrate judge "for use by the Marshal's Office," the Attorney General responded that Wright's address was "confidential and [would not be] released until the person is served or until counsel has been authorized to represent the party."  We expect service of

16

process by the U.S. Marshal to prevent this kind of "runaround." See Richardson, 598 F.3d at 739. Even after Moore obtained addresses for Chandilier and Chamberlain, the magistrate judge and the clerk ignored Moore's requests for service of process on the two nurses at their business address. See Rance, 583 F.3d at 1285 n.1.

Moore was not dilatory in supplying identification information or in attempting to effect service of process. A "prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (quoting Sellers, 902 F.2d at 602). Moore provided the last name and respective position of each defendant, and that information was apparently sufficient for prison officials to recognize the persons sought by Moore. When Moore learned that the three defendants were no longer employed at the prison, Moore brought that fact to the attention of the magistrate judge and the clerk and requested their assistance. Moore also requested that the magistrate judge and the clerk instruct the U.S. Marshal to locate Wright. Left to his own devices, Moore obtained the address of MHM Services, which had contracted with the prison to provide nurses, and he attempted service of process by mailing separate summonses to Chandilier and Chamberlain at MHM. But Moore received no response. It was unreasonable to expect Moore to do more to discover the defendants' addresses or to effect service of process. See id. at 739–40.

17

The U.S. Marshal, the magistrate judge, the clerk, and the district court failed to perform their respective duties to Moore as a prisoner proceeding in forma pauperis.  See Rance, 583 F.3d at 1286; Fowler, 899 F.2d at 1094–95.  The record does not reflect that the U.S. Marshal made any effort to locate Wright, Chandilier, or Chamberlain or that the magistrate judge or clerk questioned whether the U.S. Marshal could have made further efforts to locate the three defendants.  See Richardson, 598 F.3d at 739–40.  Although the magistrate judge extended the deadline for service of process on several occasions, the magistrate judge placed the burden on Moore to discover addresses for the three defendants.  Even after Moore provided an address for service of process on Chandilier and Chamberlain, the magistrate judge and the clerk ignored Moore's requests to effect service.  See Fowler, 899 F.2d at 1091.  And the district court disregarded the arguments Moore made in his objections to the report and recommendation that he had "tried on many occasions to obtain the last known addresses for [Wright, Chandilier, and Chamberlain] for service of process and had been denied all access to this needed information" as a "pro se" litigant proceeding "in forma pauperis."  Moore explained that he had mailed summonses to Chandilier and Chamberlain in care of MHM Services, but he had not received a receipt from the prison mailroom or any response from the two defendants.  Moore also explained that his "request[s] for information on Officer Wright and her full name" had been denied.

The district court abused its discretion when it dismissed the complaint against Wright, Chandilier, and Chamberlain.  Moore was entitled to rely on officers of the court to effect service of process on his behalf.  The failure of the U.S. Marshal, the magistrate judge, the clerk, and the district court to fulfill their obligations established good cause to excuse Moore's failure to effect timely service of process.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Albury and Green.  We **VACATE** the dismissal of Moore's complaint against Wright, Chandilier, and Chamberlain, and we **REMAND** for the district court to determine whether the U.S. Marshal can complete service of process on these defendants.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**