```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-22754-CIV-SEITZ
                                    MAGISTRATE JUDGE P. A. WHITE

ANTHONY L. MOORE,               :

        Plaintiff,              :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
                                :          (DE# 346)
WALTER MCNEIL, ET AL.,
                                :
        Defendants.
_____
```

## I. Introduction

Plaintiff Anthony Moore has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for compensatory and punitive damages, and for declaratory relief (DE# 13, Amended Complaint). Plaintiff's claim stems from an incident that occurred while he was incarcerated at Dade Correctional Institution ("DCI"), where he was previously confined (DE# 13, p. 4; DE# 1, p. 1-2). The plaintiff was granted leave to proceed in forma pauperis (DE# 4). The cause is before the Court upon a motion for summary judgment filed by defendant Wright. (DE# 346).

## II. Factual and Procedural Background

In the amended complaint, Plaintiff Moore alleged the following. Sometime in 2002 or 2003, he had a problem with another inmate named Anthony Tedesco while the two were housed at another facility. According to plaintiff, the Department of Corrections ("DOC") should have therefore kept plaintiff separated from Tedesco by means of a "special review." However, in September of 2007 the DOC transferred him to DCI, where Tedesco was also housed. He raised the issue with a classification officer, Defendant Wright,

upon arrival at DCI, but his complaints were ignored. On September 23, 2007, he was assaulted with a baseball bat by another inmate at Tedesco's instructions while on the prison yard. There was inadequate supervision and security on the prison yard on the day he was assaulted. After the assault, defendants Albury and Greene took him to see medical personnel. Although he could hardly stand after the attack, Albury handcuffed him and violently pulled him to the infirmary, inflicting additional harm on the plaintiff. Nurse Chamberlain refused to give adequate medical treatment in order to cover up a violent attack. She conducted little review of his injuries and "recklessly dismissed" him. Finally, she denied him treatment by an outside doctor. (DE# 13).

A report recommended the case remain pending against Ms. Wright for endangerment. (DE# 21). The District Court adopted this recommendation. (DE# 85).

Defendant Wright has filed a motion for summary judgment, with exhibits attached in support thereof (DE# 346, 347, 342). Wright argues that Moore failed to show deliberate indifference to the risk of harm posed by plaintiff and inmate Tedesco being housed in the same institution. (Id.:6). This court issued and order of instructions advising plaintiff concerning a response to the summary judgment motion. (DE#350). Moore filed a response in opposition to the motion for summary judgment. (DE# 364).

### III. Summary Judgment

#### 1. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may

"at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed.R.Civ.P. 56(b). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled is entitled to judgment as a matter of law. Greenberg v. Bell-South Telecomm., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007)(*per curiam*); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56(c). Pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion, and identifying those portions of the record, including pleadings, discovery material, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986).

The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some elements of its case on which is bears the ultimate burden of proof. Celotex, 477 U.S. at 322-324. If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992).

Here, to survive defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of

administrative remedies. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Plaintiff, the nonmoving party, bears the burden of coming forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir. 1990). The non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. Celotex, 477 U.S. at 322-23.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Accordingly, the nonmoving party, even if a *pro se* prisoner, cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11th Cir. 1987); Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing

4

party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 252).

Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001); Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)(grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Thus, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. Celotex, 477 U.S. at 322; Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607, 609 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. Anderson, 477 U.S. at 248; Lofton v. Secretary of the Department of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004)("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some

factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003)(citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. Celotex, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); Waddell, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. Beard v. Banks, 548 U.S. 521, 525 (2006); Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

2.  Failure to Protect

As previously narrated in this Report, the plaintiff alleges that Defendant Wright violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from an attack directed by inmate Tedesco.

In a Section 1983 suit against prison officials based on a claim of cruel and unusual punishment, a showing of conscious or callous indifference to the prisoner's rights is required. There must be deliberate indifference to state a claim under §1983, negligence is not enough. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988). Of course, where an inmate was a pretrial detainee, as apparently was true in plaintiff's case, then his claim which otherwise would have been cognizable as a claim arising under the Eighth Amendment had he been a convicted prisoner, would instead be subject to analysis under the Due Process Clause of the Fourteenth Amendment. See Hamm v. DeKalb County, 774 F.2d 1567 (11 Cir. 1985).

Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 828 (1994). Prison officials "must provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)(per curiam)(quotations and alterations omitted).

The Eleventh Circuit has explained that "[t]o survive summary judgment on [a §] 1983, Eighth Amendment claim, [a plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Id. (quotations, citations, and alterations omitted). "[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983." Id. at 1350 (quotations and alteration omitted). "The known risk of injury must be a strong likelihood, rather than a mere possibility[,] before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)(quotations omitted).

A substantial risk to a prisoner's safety may arise not only out of his individual situation, but out of an environment of longstanding and pervasive attacks to which all prisoners in his situation are exposed, and it may come from single or multiple sources. See Farmer, 511 U.S. at 842-43. Nevertheless, a defendant may avoid liability by showing that he was unaware of the underlying facts indicating a substantial risk, that he "believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or that he "responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844. A plaintiff's failure to give advance notice to prison officials of a specific threat or of his fear of an inmate is relevant to this inquiry, see Carter, 352 F.3d at 1349-50, though it is not dispositive, see Farmer, 511 U.S. at 848.

8

*Defendant Wright's Version of Events*

There is a process within the Florida Department of Corrections ("DOC") called "special review" which allows for the DOC to prevent a particular inmate from being housed together with another inmate. The special review is used when the Institutional Classification Team ("ICT") recommends, and State Classification approves, a separation between two inmates. (DE# 342, Declaration of John McLaughlin, Bureau Chief of Classification Management for the DOC, Ex. A at ¶2). Not every altercation between inmates results in a special review. If it did, the administrative process of assigning inmates to institutions would be extremely burdensome and might even preclude an inmate from being housed in any facility in Florida. (Id.:¶4).

There has never been a special review initiated between the Plaintiff and Anthony Tedesco, DC#609829, although Tedesco's family did complain that the two had some sort of an altercation at Gulf Correctional Annex in January of 2001. The allegations were not substantiated. (Id.:¶6). On September 21, 2007, Plaintiff was transferred to Dade Correctional Institution, where Anthony Tedesco was already incarcerated. Plaintiff and Tedesco were housed in the same dormitory for two days at Dade Correctional Institution. (Id.:¶7). On September 23, 2007, Plaintiff claimed that his cell mate, Jermaine Preston, beat him with a baseball bat. (Id.:¶8). After being treated in medical on September 23, 2007, Plaintiff was moved to protective custody because of his fear of his cell mate. (Id.:¶9).

If Plaintiff had been concerned about being housed in the same dormitory as Tedesco, he could have requested protection as soon as they were placed in the same dormitory. (Id.:¶3). If Plaintiff had

9

requested protection, he would have been immediately placed in administrative confinement and the protection review process would have started. (Id.:¶11)

Plaintiff testified in his deposition that he was not initially concerned about being in the same dormitory with Tedesco. (DE# 347, Plaintiff Moore's November 18, 2011 Deposition, Ex. C at 3). Plaintiff also testified that the only evidence he had that Tedesco was involved in the incident was that Jermaine Preston had a bag of marijuana in his possession, and Preston had no money to buy the marijuana. (Id. at 4).

Plaintiff submitted four grievance appeals regarding this incident. (DE# 169-10). It was not until his fourth grievance, which was submitted August 20, 2009, almost two years after the incident, that he mentioned anything about inmate Tedesco. (DE# 169-11). The three previous grievance appeals all mentioned Plaintiff's cell mate, Jermaine Preston, as the person who hit him with the baseball bat, but did not identify inmate Tedesco. (Id.).

Classification officers, like Ms. Wright, who work at the institutional level, work Mondays through Fridays. They do not work weekends. (DE# 342, Ex. A, ¶12). When an inmate is moved from one institution to another within the DOC, the decision on where to move the inmate is made in DOC's central office by State Classification often on the recommendation of the Institutional Classification Team. (Id.:¶1,2). A classification officer at an institution does not have the authority to decide whether or not an inmate can be housed at that particular location. (Id.:¶3). Dormitory assignments are completed by security staff, not by the classification officer. (Id.:¶13).

*Plaintiff's Version of Events*

Plaintiff was transferred to Dade Correctional Institution on Friday, September 21, 2007. (DE# 13, at 2; DE# 347, Plaintiff Moore's November 18, 2011 Deposition, Ex. C at 52-53). On Sunday, September 23, 2007, Jermaine Preston beat him with a baseball bat. (DE# 13, at 3; DE# 347, Plaintiff Moore's November 18, 2011 Deposition, Ex. C at 52-53). Plaintiff believes Tedesco was involved in arranging Preston's attack. (DE# 13, at 3; DE# 347, Plaintiff Moore's November 18, 2011 Deposition, Ex. B at 37). When he first saw Tedesco, Tedesco was very nonchalant and the two engaged in small talk. (DE# 347, Plaintiff Moore's November 18, 2011 Deposition, Ex. B at 37) After the attack on Sunday, the Plaintiff concluded that Tedesco paid Preston because Preston, who was broke, suddenly had an ounce of marijuana. (Id.:37-38). According to the plaintiff, Wright was aware of his prior problems with Tedesco. (DE# 364).

*Application of Law to Facts*

Here, plaintiff has not established that he was exposed to "the constant threat of violence" while incarcerated, see Purcell, 400 F.3d at 1320, or to any other condition that presented "a substantial risk of serious harm." Farmer, 511 U.S. at 834.

In this case, careful review of the record reveals that the defendant is entitled to summary disposition in her favor because the record evidence does not show that she was deliberately indifferent.

Review of the record here confirms that the plaintiff was not attacked by Tedesco, but by his cell mate, Jermaine Preston. Even

assuming Ms. Wright was aware of the Plaintiff's past issues with Tedesco when he arrived at the DCI on Friday, September 21, 2007, she would not have known it was necessary to separate the Plaintiff from Jermaine Preston. During his deposition, the Plaintiff conceded that he did not come to the conclusion that Jermaine Preston was ordered to attack him by Tedesco until after the attack on Sunday, September 23, 2007. As a result, he had no reason to ask for protection from Preston when Wright conducted the intake process. There is no evidence that Wright had any subjective knowledge that Preston was planning to attack plaintiff. To the contrary, Tedesco's plan was effected without the knowledge or assistance of any corrections deputies.

Even if plaintiff could prove a substantial risk of harm existed, the record is devoid of any evidence Wright was aware of the particular fear by the plaintiff. Moreover, if Wright was aware of this fear, no showing has been made that Wright ignored that risk of harm. In fact, the evidence establishes that she was unaware of Preston's plan to attack the plaintiff's, regardless of whether Preston was ordered to attack by Tedesco.

Assuming, without deciding, that plaintiff satisfied the objective element of his Eighth Amendment claim, as previously noted, he must also demonstrate that the defendant was deliberately indifferent to the risk of serious harm to him. To meet this subjective component, plaintiff must show that the defendant had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to him, that the defendant actually drew this inference, and, thereafter, ignored the known risk. The plaintiff, however, has produced no evidence that Wright was aware that Preston posed a specific risk of harm to plaintiff. There is also no evidence that any threats had ever been made by

12

Preston or any other inmate against plaintiff which were made known to any of the correctional defendants, nor is there any evidence "that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." Farmer, 511 U.S. at 842 (internal quotation marks omitted).

Rather, the evidence indicates that Preston's attack was a sudden, isolated incident. Plaintiff has, therefore, failed to establish the requisite element of subjective awareness on the part of the defendant. Carter, 352 F.3d at 1350. Since the record fails to demonstrate that the incident between plaintiff and Preston occurred due to any deliberate indifference or reckless disregard by Wright, summary judgment is due to be granted in her favor on plaintiff's failure-to-protect claim. See Celotex Corp., 477 U.S. at 322.

## IV. Conclusion

Based upon the foregoing, it is recommended that the Defendant's Motion for Summary Judgment (DE#346) be GRANTED; that Defendant Wright be dismissed from these proceedings.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. §636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).

It is so recommended at Miami, Florida, this 28th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony L. Moore
898246
Santa Rosa Correctional Institution Annex
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583

Lisa Kuhlman Tietig
Office of the Attorney General, State of Florida
Corrections Litigation Bureau
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300
Fax: 488-4872
Email: Lisa.Tietig@myfloridalegal.com

Alexandria Elisse Williams
Department of Corrections
501 S. Calhoun Street
Tallahassee, FL 32399
(850) 717-3605
Fax: (850) 922-4355
Email: alexandria.walters@myfloridalegal.com

Jamie M. Braun
Office of the Attorney General
Tallahassee General Civil Corrections
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3640
Fax: 850-488-4872
Email: jamie.braun@myfloridalegal.com