UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22754-CIV-SEITZ/WHITE

ANTHONY L. MOORE,

    Plaintiff,

v.

WALTER A. McNEIL, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-375]. In the Report, Magistrate Judge White recommends that Defendant Chamberlain's Motion for Summary Judgment [DE-334] be granted because Plaintiff failed to exhaust his administrative remedies prior to filing this suit. Plaintiff has filed objections [DE-377] and supplemental objections [DE-380][1] and Defendant Chamberlain has filed a response to Plaintiff's first objections [DE-381]. Having carefully reviewed the Report, the objections, the response to the objections, and the record, there are no genuine issues of material fact and Defendant Chamberlain is entitled to summary judgment because Plaintiff did not exhaust his administrative remedies as to his claim against Defendant Chamberlain.

**Plaintiff's Claim Against Defendant Chamberlain and the Report**

According to the Amended Complaint [DE-13], in September 2007, Plaintiff was transferred to Dade Correctional Institution. On September 23, 2007, Plaintiff was assaulted

---

[1] The Court granted Plaintiff leave to file his supplemental objections.

with a baseball bat by another inmate while in the prison yard. The assault was allegedly done at the instruction of another inmate, with whom Plaintiff had had problems at another facility. After the assault, Plaintiff was handcuffed and taken to see medical personnel, including Defendant Chamberlain, who is a nurse. Chamberlain refused to give Plaintiff adequate medical treatment and recklessly dismissed him. Chamberlain also refused to send Plaintiff to see an outside doctor for treatment. Plaintiff contends that Chamberlain's failures were part of an attempt to cover up the attack. Plaintiff alleges that Chamberlain's actions violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his medical needs.

Defendant Chamberlain moves for summary judgment on two grounds: (1) Plaintiff failed to exhaust his administrative remedies and (2) there are no genuine issues of material fact relating to whether Chamberlain was deliberately indifferent to Plaintiff's medical needs. As set out in the Report, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies because Plaintiff failed to raise the deliberate medical indifference claim against Chamberlain in any of his administrative grievances. Plaintiff filed numerous administrative grievances relating to the attack, *see* DE-334-2, beginning on October 17, 2007 and continuing until August 24, 2009. Plaintiff never identified Chamberlain by name in any of the numerous grievances he filed relating to the attack, despite learning Chamberlain's name on January 2, 2008. Further, Plaintiff's grievances did not comply with applicable procedures; there were issues of timeliness and many of the grievances did not comply with the requirement that they contain only one issue or complaint. As a result, without reaching Chamberlain's second ground for summary judgment, the Report recommends that the motion be granted.

**Plaintiff's First Set of Objections**

In his first set of objections, Plaintiff raises three objections: (1) Chamberlain was not properly trained in the inmate grievance procedure; (2) the Report ignored substantial evidence of Chamberlain's deliberate indifference to Plaintiff's medical needs; and (3) Plaintiff did exhaust his administrative remedies. In support of his third objection, Plaintiff has attached a copy of a grievance ("Exhibit C"), which he alleges he filed on September 22, 2011. Exhibit C names Chamberlain and alleges that Chamberlain refused to treat Plaintiff's injuries on September 23, 2007. The first two objections do not address the factual findings or the legal issues addressed in the Report, which deals only with the exhaustion of administrative remedies issue.[2] Thus, the Court need not address these two objections because the Court cannot consider the substance of Plaintiff's claim unless he has first exhausted his administrative remedies.

Chamberlain has filed a response to Plaintiff's first set of objections. Preliminarily, Chamberlain maintains that Plaintiff's objections are untimely and should, therefore, not be considered by the Court. This position is completely without merit. The Report was issued on July 22, 2016 and gave the parties 14 days from the date of service to respond to the Report. Plaintiff provided his objections to Santa Rosa Correctional Institution for mailing on August 7,

---

[2]As set out in more detail in the Report, the law requires a plaintiff to exhaust his administrative remedies prior to filing suit:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see Report, DE-375 at 2-7, for more detailed discussion of exhaustion requirement. Plaintiff does not object to the Report's discussion of the legal requirements for exhaustion.

3

2016, which is 16 days after the Report was issued. Plaintiff receives all documents in this matter by mail. Thus, he had an additional three days to respond. Accordingly, Plaintiff's Objections were timely filed.

Chamberlain also makes two arguments in response to Exhibit C. First, Chamberlain maintains that there is no evidence that Exhibit C was ever filed with the Department of Corrections. It is not stamped, signed, responded to, or otherwise acknowledged as received by the Department of Corrections and the Department of Corrections has no record of that particular grievance. Second, even if the grievance were received by the Department of Corrections, it is irrelevant to the exhaustion of administrative remedies issue because Exhibit C is dated September 22, 2011, more than two years after this suit was filed on September 14, 2009.

Because this is a motion for summary judgment, once the moving party demonstrates the absence of a genuine issue of material fact, Plaintiff, the non-moving party, has the burden of showing by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Here, Plaintiff's Exhibit C does not meet that burden. First, Plaintiff has not shown that Exhibit C was ever received by the Department of Corrections. Second, and more importantly, Exhibit C is dated more than two years *after* this suit was filed. Thus, Exhibit C, even if it had been received by the Department of Corrections, would not show that Plaintiff exhausted his administrative remedies *prior* to bringing this suit, as required by law. Consequently, Plaintiff's first set of objections [DE-377] is overruled.

**Plaintiff's Second Set of Objections**

Plaintiff, with Court permission, filed supplemental objections. This supplemental filing

raises two objections: (1) neither Chamberlain nor Plaintiff received training in the Department of Corrections' grievance procedures, as required by Florida's Administrative Code; and (2) genuine issues of material fact exist as to whether Plaintiff exhausted his administrative remedies. As to the first of these objections, regardless of whether Plaintiff and Chamberlain received training in the grievance procedures, Plaintiff has not presented any authority establishing that such a failure to train would excuse him from the requirement that he exhaust his administrative remedies. As to his second objection, Plaintiff has also failed to meet his burden.

While Plaintiff maintains that a genuine issue of material fact exists as to whether he exhausted his administrative remedies, the burden is on him to come forward with affidavits, depositions, answers to interrogatories, and admissions which establish that specific facts exist that demonstrate a genuine issue for trial. While it is not clear, it appears that Plaintiff relies on Exhibit C for this purpose. However, as set out above, Exhibit C is dated more than two years after this suit was filed. Plaintiff has offered no other evidence to raise a genuine issue of material fact as to whether he exhausted his administrative remedies prior to filing this suit. Consequently, Plaintiff's supplemental objections [DE-380] are overruled and Chamberlain is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies prior to bringing this action.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the objections, and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-375] is AFFIRMED and

ADOPTED.

(2) Plaintiff's Objections [DE-377] and supplemental objections [DE-380] are OVERRULED.

(3) Defendant Barry Chamberlain's Motion for Summary Judgment [DE-334] is GRANTED. All claims against Chamberlain are DISMISSED.

DONE and ORDERED in Miami, Florida, this __31st__ day of August, 2016.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All counsel of record/*Pro se party*