UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22754-CIV-SEITZ/WHITE

ANTHONY L. MOORE,

    Plaintiff,

v.

WALTER A. McNEIL, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-376]. In the Report, Magistrate Judge White recommends that Defendant Wright's Motion for Summary Judgment [DE-346] be granted because Plaintiff failed to establish that Wright acted with deliberate indifference or reckless disregard for Plaintiff's safety. Plaintiff has filed objections [DE-382]. Having carefully reviewed the Report, the objections, and the record, there are no genuine issues of material fact and Defendant Wright is entitled to summary judgment.

**Plaintiff's Claim Against Defendant Wright and the Report**

According to the Amended Complaint [DE-13], in September 2007, Plaintiff was transferred to Dade Correctional Institution. On September 23, 2007, while in the prison yard, Plaintiff was assaulted with a baseball bat by another inmate, his cell mate, Jermaine Preston. The assault was allegedly done at the instruction of another inmate, Anthony Tedesco, with whom Plaintiff had had problems at another facility. According to Plaintiff, because of the prior problems, the Department of Corrections should have kept Plaintiff and Tedesco separated by

means of a "special review." However, there is no record evidence that a special review was ever initiated between Plaintiff and Tedesco. The Amended Complaint alleges that Plaintiff notified Classification Officer Wright[1] of a problem he had with another inmate on the compound and that she disregarded the problem. As a result, Plaintiff alleges that Wright acted with deliberate indifference or reckless disregard as to his safety and, thereby, violated his Eighth Amendment right to be free from cruel and unusual punishment.

Defendant Wright moves for summary judgment because Plaintiff was not injured by Tedesco and because Plaintiff cannot show that Wright had subjective knowledge of a risk of serious harm to Plaintiff. As set out in the Report, the Magistrate Judge found no evidence that Wright was deliberately indifferent. The Report found that there was no evidence to support a finding that Wright was objectively or subjectively indifferent to a risk of harm to Plaintiff. Plaintiff was not assaulted by Tedesco; he was assaulted by his cell mate, Preston. There was no reason why Wright would have, or should have, known that Preston and Plaintiff should be separated. Furthermore, even Plaintiff was unaware of the alleged connection between Preston and Tedesco until after the assault. Thus, the Report recommends that Wright's Motion for Summary Judgment be granted.

**Plaintiff's Objections**

Plaintiff raises several objections based on the fact that Wright had prior knowledge of an altercation between Plaintiff and "another inmate." However, Plaintiff does not point to, and the

---

[1] It is not entirely clear what the exact functions of a Classification Officer, like Wright, are. However, it appears that while she could not make a decision about which institution a prisoner may be housed in, she may have been able to place a prisoner in confinement or some other form of protective custody.

record does not reflect, any facts that show that Plaintiff had had a prior altercation with Preston. While Plaintiff maintains that Wright had knowledge of Plaintiff's prior altercation with Tedesco, even if Wright had such knowledge, and the record does not so indicate, there is no way Wright could have reasonably foreseen that *Preston* would assault Plaintiff. Consequently, these objections are overruled.

Plaintiff further objects by arguing that Wright had knowledge that Plaintiff had been held in confinement at the South Florida Reception Center prior to arriving at Dade Correctional Institution and, therefore, Plaintiff should have been housed in confinement at Dade Correctional Institution. Plaintiff, however, has not presented any facts indicating that Wright knew or should have known that Plaintiff should be placed in confinement at Dade Correctional Institution.

Plaintiff also raises several arguments in his objections that do not address the facts, legal analysis, or recommendations in the Report. These "objections" include complaints about how he has been treated by prison officials more recently. While such complaints may be the basis for a separate claim, they do not address the findings or recommendations contained in the Report or in the issues raised in the motion for summary judgment and, therefore, are overruled. Plaintiff's "objections" also include arguments about problems with another inmate while he was housed at another institution and problems with a Captain Lawson. However, Plaintiff fails to show how these past problems should have governed any decisions made by Wright when Plaintiff was transferred to Dade Correctional Institution. Consequently, these objections are overruled. Plaintiff also raises issues about The Bureau of Classification's failure to properly maintain records. While, if true, these allegations might have effected Wright's actions, Wright's actions must be considered based on what actually happened, not what should have, or could

have, happened. Consequently, these objections are overruled.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the objections, and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-376] is AFFIRMED and ADOPTED.

(2) Plaintiff's Objections [DE-382] are OVERRULED.

(3) Defendant Wright's Motion for Summary Judgment [DE-346] is GRANTED. All claims against Wright are DISMISSED.

DONE and ORDERED in Miami, Florida, this 8th day of September, 2016.

/s/ Patricia A. Seitz
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All counsel of record/*Pro se party*