```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22754-CIV-SEITZ
                              MAGISTRATE JUDGE P. A. WHITE
```

ANTHONY L. MOORE,

    Plaintiff,

v.                                      REPORT ON MOTION FOR
                                    TRO OR PRELIMINARY INJUNCTION
WALTER MCNEIL, ET AL.,                        (DE#371)

    Defendants.
_____/

    Plaintiff Anthony Moore has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for compensatory and punitive damages, and for declaratory relief (DE# 13, Amended Complaint). Plaintiff's claim stems from an incident that occurred while he was incarcerated at Dade Correctional Institution ("DCI"), where he was previously confined (DE# 13, p. 4; DE# 1, p. 1-2). The plaintiff was granted leave to proceed in forma pauperis (DE# 4). The cause is before the Court upon a motion for preliminary injunction, temporary restraining order, and declaratory judgment. (DE# 371).

    The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11th Cir. 1984). In order for a preliminary injunction to issue, the party seeking relief must demonstrate the following four factors: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest

will not be impaired if the injunction is granted. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); Keaton v Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1128 (11th Cir. 2005) (citations omitted), cert. denied, 126 S.Ct. 2862 (2006).

Moreover, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. Forsyth County v. U.S. Army Corps of Engineers, 633 F.3d 1032, 1039 (11th Cir. 2011)(citations omitted); Siegel v. LePore, 234 F.3d at 1176; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989)(quotations omitted). However, an injunction will not issue unless the movant satisfies all four elements. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d at 1119; Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997)(citations omitted).

The purpose of preliminary injunctive relief is to preserve the *status quo* between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). It should further be noted that the persons from whom the injunctive relief

is sought must be parties to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

A showing of irreparable harm is "the *sine qua non* of injunctive relief." Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990); citing Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978). The injury must be "neither remote nor speculative, but actual and imminent". Northeastern, at 1285; citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir.1989). An injury is "irreparable" only if it cannot be undone through monetary remedies. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987); citing Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983). "The key word in this consideration is *irreparable.* Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Northeastern at 1285; citing Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974).; accord United States v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983).

At this stage of the proceedings, the plaintiff does not state a prima facie case for preliminary injunctive relief. Further, he has not complied with Rule 65, requiring that the specific facts or allegations be set forth in an affidavit or verified complaint. See Fed.R.Civ.P. 65(b)(1)(A). Even if the motion is considered to be verified, having been made under penalty of perjury, movant has still not made a prima facie case for injunctive relief.  Plaintiff

3

has not demonstrated that there is a substantial likelihood that he will ultimately prevail on the merits at trial, much less that he will suffer irreparable injury unless the injunction issues.

It is therefore recommended that the plaintiff's motion (DE#371) be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed at Miami, Florida this 26th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony L. Moore
     898246
     Santa Rosa Correctional Institution Annex
     Inmate Mail/Parcels
     5850 East Milton Road
     Milton, FL 32583

     Lisa Kuhlman Tietig
     Office of the Attorney General, State of Florida
     Corrections Litigation Bureau
     PL-01, The Capitol
     Tallahassee, FL 32399-1050
     850-414-3300

```
Fax: 488-4872
Email: Lisa.Tietig@myfloridalegal.com

Alexandria Elisse Williams
Department of Corrections
501 S. Calhoun Street
Tallahassee, FL 32399
(850) 717-3605
Fax: (850) 922-4355
Email: alexandria.walters@myfloridalegal.com

Jamie M. Braun
Office of the Attorney General
Tallahassee General Civil Corrections
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3640
Fax: 850-488-4872
Email: jamie.braun@myfloridalegal.com
```