```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-22754-CIV-SEITZ
                        MAGISTRATE JUDGE P. A. WHITE
```

ANTHONY L. MOORE,

    Plaintiff,

vs.

WALTER MCNEIL, ET AL.,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS
### RE: NURSE CHANDILIER

The following Report will explain the efforts made to properly serve Defendant Nurse Chandilier. Notwithstanding these efforts, the court has been unable to locate and/or effectuate service on Nurse Chandilier. As a result, the Undersigned will make a recommendation, *sua sponte*, that Nurse Chandilier be dismissed from these proceedings.

Plaintiff Anthony Moore filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for compensatory and punitive damages, and for declaratory relief (DE# 13, Amended Complaint[1]). Plaintiff's claim stems from an incident that occurred while he was incarcerated at Dade Correctional Institution ("DCI"), where he was previously confined (DE# 13, p. 4; DE# 1, p. 1-2). The plaintiff was granted leave to proceed in forma pauperis (DE# 4).

---

[1] Pursuant to the Court's Order dated October 16, 2009, Plaintiff's amended complaint (styled "Motion to Amend Complaint") is the operative pleading in this case (See, Order, DE#6). However, Plaintiff's original complaint (DE# 1) sheds further light on some aspects of his factual allegations, and so, in keeping with the dictates of Haines v. Kerner, 404 U.S. 519 (1972) that a pro se litigant's pleadings be construed liberally, the Court will refer to the original Complaint as necessary.

In the preliminary report, the Undersigned recommended that the claims against Nurse Chandilier and Nurse Chamberlain proceed. (DE# 21). The District Court adopted this recommendation. (DE# 85). A service of summons was returned to the Court un-executed for Nurses Chandilier and Chamberlain. (DE# 29, 30). The Marshal noted that they no longer work for the Department of Corrections.

Over the course of two years, Moore attempted in vain to provide the court with information sufficient to effectuate service. As a result, defendants Chandilier and Chamberlain were dismissed from the proceedings. See (DE# 195, 209). Moore appealed. The Eleventh Circuit reversed and directed this court to determine whether the U.S. Marshal can complete service of process on Nurse Chandilier and Nurse Chamberlain. (DE# 255, p. 21).

The Eleventh Circuit Court of Appeal has held that *pro se* prisoners proceeding *in forma pauperis* should be assisted in serving prison employees. See Richardson v. Johnson, 598 F.3d 734, 739 (11th Cir. 2010). In so ruling, the Eleventh Circuit has determined that an *in forma pauperis* litigant is allowed "to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990); see also, Richardson v. Johnson, supra; Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009); Sellers v. United States, 902 F.2d 598 (7th Cir. 1990); Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).

The plaintiff, however, must also assist the Court in attempting to effectuate service. See Fowler, 899 F.2d at 1095("A plaintiff may not remain silent and do nothing to effectuate such

service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (quotation marks and citation omitted).

In this case, the plaintiff has assisted this court by providing the date and time, as well as, the defendants' last name and where defendants were last employed in order to effect proper service of process.

Specifically, in his Amended Complaint, the plaintiff alleged that he learned from the Florida Department of Corrections that it had contracted with MHM Services, Inc. for nursing services located at the following address: MHM Services Inc., 1593 Spring Hill Road, Suite 610, Vienna Virginia, 22182. See (DE# 225, p. 11-12).

Plaintiff has not been dilatory in supplying identifying information, and it is well settled that "a prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (quoting Sellers, 902 F.2d at 602). Here, plaintiff provided information about the company which employed defendants Chandilier and Chamberlain at the time of the facts relevant to Moore's complaint.

Apparently, from the U.S. Marshal's attempted service, Chandilier and Chamberlain no longer work for the Florida Department of Corrections. However, the Eleventh Circuit has found it "unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." Richardson, 598 F.3d at 739-740. Plaintiff has attempted to ascertain defendants' current address, but has been met with repeated road blocks.

3

In light of Richardson, Sellers, and Graham, the undersigned finds that plaintiff has provided the U.S. Marshal with sufficient information to serve Defendants Chandilier and Chamberlain. There is nothing in the record to suggest what efforts, if any, the U.S. Marshal did in order to ascertain and locate defendants. See Richardson, 598 F.3d at 739-40. The U.S. Marshal should have done so. The Richardson court has placed the burden on court officers and the U.S. Marshal to obtain information necessary to effect service of process when plaintiff is proceeding *in forma pauperis*. See Richardson, supra; see also, Ely v. Smith, 2008 WL 2076651 (E.D. Tenn. May 15, 2008)(accord).

In a prior order, this court concluded that discovery was premature and could lead to confidentiality problems under Florida law. (DE# 293). Assistance was, therefore, sought from the entity which employed Chandilier and Chamberlain on behalf of the DOC, MHM Services Inc., in order to complete service on Defendants Chandilier, and Chamberlain. (Id.). MHM Services complied with this order by identifying sufficient information to serve Chamberlain. However, with respect to Chandilier, MHM Services stated that it had no records of any employee named Nurse Chandilier. (DE# 299).

The court concluded that MHM's response was insufficient as to Chandilier. A September 8, 2016 order was entered wherein the court explained it needed to expand the request to determine if the plaintiff had mis-identified Defendant Chandilier and whether the defendant was another individual employed by MHM and contracted by them to work at Dade Correctional Institution on or around the time of the incident, September 23, 2007. (DE# 388). Accordingly, the court ordered that General Counsel for the MHM Services, Inc. provide under seal a list of the names and last known addresses of

4

all of their employees who were contracted by MHM to work at Dade Correctional Institution on or about September 21, 2007 through, and including, September 24, 2007.  The order noted that the list of these employees was required to include, nursing professionals, nurse practitioners, registered nurses, licensed practical nurses, nursing assistants, etc. (DE# 388).

MHM Services Inc. ("MHM") filed notice of filing a declaration of Lisa Denny, SPHR, CCHP in response to this court's September 8, 2016 order. (DE# 390).  Ms. Denny asserted the following in her declaration. She is the Vice President for MHM Services, Inc.'s Human Resources. (DE# 390-1). In January of 2010, MHM changed the softward which it uses to keep records of employees. As a result, MHM no longer has access to information regarding employees who were terminated or otherwise stopped working prior to January of 2010. She reiterated that MHM made a search in January of 2015 and found no records of any MHM employees identified as Nurse Chandilier. (Id.).

In light of the foregoing, the court has been unable to effectuate service on Nurse Chandilier. The plaintiff has provided as much information as is available to him, however, this information has not resulted in this court's tracking down Nurse Chandilier. The Department of Corrections does not have an address for Nurse Chandilier, as it turned over the running of the medical department to MHM Services.  As Ms. Denny explained, MHM has no record of having employed Nurse Chandilier, and therefore, has no address for her. Further efforts to obtain information from MHM appear futile as MHM changed software in 2010, thereby making it impossible to ascertain an employee who worked for MHM in 2007. As a result, this court is unable to properly serve Nurse Chandilier.

Based on the foregoing, it is recommended that Nurse Chandilier be dismissed from the instant proceedings.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 27th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Anthony L. Moore, Pro Se
     DC# 898246
     Santa Rosa Correctional Institution Annex
     Inmate Mail/Parcels
     5850 East Milton Road
     Milton, FL 32583


     Alexandria Elisse Williams
     Department of Corrections
     501 S. Calhoun Street
     Tallahassee, FL 32399
     (850) 717-3605
     Fax: (850) 922-4355
     Email: alexandria.walters@myfloridalegal.com